UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN L. WELLS,

                    Petitioner,                             Case Number 17-10065
                                                         Honorable David M. Lawson

v.

SHIRLEE HARRY,

                    Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Glynn L. Wells filed a petition for a writ of habeas corpus with this Court under 28 U.S.C. § 2254 challenging his 1990 state criminal convictions of assault with intent to murder, two counts of first-degree criminal sexual conduct, unarmed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He raises 14 claims in his petition, but he did not file his petition within the one-year limitation period set out in 28 U.S.C. § 2244(d). On January 31, 2017, the Court entered an order requiring the petitioner to show cause why this case should not be dismissed as untimely. The petitioner responded on February 28, 2017. Because Wells did not comply with the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d)(1), and the petition is not saved by equitable tolling, the Court must dismiss the petition and deny relief.

I.

The petitioner was convicted and sentenced in 1990. The Michigan Court of Appeals ultimately affirmed his convictions and sentences in 1992. *People v. Wells*, No. 129335 (Mich. Ct. App. Dec. 29, 1992) (per curiam). It appears that the petitioner did not file a direct appeal in the Michigan Supreme Court.

In 2015, the petitioner filed a motion in the state trial court to dismiss for lack of subject matter jurisdiction, to dismiss the complaint and warrant and information, for a cause and prejudice hearing, to remand for an evidentiary hearing, and for relief from judgment. The trial court summarily denied the motions under Michigan Court Rule 6.502(B)(2), finding that the petitioner's ineffective assistance of trial counsel claim was addressed on direct appeal and that his other claims provided no basis for relief. *People v. Wells*, Nos. 89-009805-01-FC, 89-011032-01-FH (Wayne Co. Cir. Ct. May 7, 2015). The Michigan court also denied reconsideration. The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied under Michigan Court Rule 6.508(D)(3)(a) and (b) because it asserted issues that could have been raised previously and failed to establish good cause and actual prejudice for not doing so. *People v. Wells*, No. 327598 (Mich. Ct. App. Aug. 11, 2015). The Michigan Court of Appeals also denied reconsideration. *People v . Wells*, No. 327598 (Mich. Ct. App. Oct. 6, 2015). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was similarly denied under Michigan Court Rule 6.508(D). *People v. Wells*, 499 Mich. 983, 881 N.W.2d 479 (July 26, 2016).

The petitioner's federal habeas petition is dated January 3, 2017.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

-2-

limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The petitioner's convictions and sentences became final in 1993, before AEDPA's effective date, which was April 24, 1996. Prisoners whose convictions became final before AEDPA's effective date are given a one-year period afterward in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). The petitioner was required to file his federal habeas petition on or before April 24, 1997. However, that date could be enlarged if, before the deadline expired, the petitioner properly filed an application for state post-conviction or collateral review under 28 U.S.C. § 2244(d)(2).

The record before the Court indicates that the petitioner filed his various motions for post-judgment relief in the state trial court in 2015. The one-year period expired well before the

-3-

petitioner sought post-conviction collateral review in the state courts.  A state court post-conviction motion that is filed after the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  The petitioner did not submit his federal habeas petition until January 3, 2017, long after the one-year grace period expired.

The petitioner contends that AEDPA's statute of limitations is not jurisdictional and allows for equitable tolling in appropriate circumstances.  The petitioner is correct that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

The petitioner makes no such showing.  The petitioner argues that his appointed trial and appellate attorneys were ineffective.  In support of his argument, the petitioner provides a number

of letters from 1990 that he sent to his appellate attorney expressing his dissatisfaction. The petitioner's convictions and sentences became final in 1993. He has not explained how his counsels' allegedly ineffective assistance prevented him from pursuing a federal habeas corpus petition prior to April 24, 1997. The petitioner could have filed his petition anytime within a four year period. Moreover, the petitioner does not explain how he has pursued his rights diligently from 1997 to 2015 when he filed for post-judgment relief in the Michigan courts. The petitioner has not shown that he is entitled to equitable tolling under *Holland*.

The petitioner also makes an actual innocence argument. The Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

The petitioner has not made a credible claim of actual innocence. According to the

-5-

petitioner, the Michigan State Police are in possession of a rape test kit that would show his actual innocence. He requested the rape test kit results from the Michigan forensics laboratory, but was informed that no such results existed. The petitioner says that in 2014, after watching television shows such as Law & Order and CSI: Crime Scene Investigation, he realized that other DNA evidence, such as hair and skin samples, should have been collected. The petitioner represents that he sent a new request to the forensics laboratory detailing the specific DNA results he desired to review. He says that his new request was simply denied, which was different from past years when the forensic laboratory informed him that no such evidence existed. Based on the denial of his request, the petitioner surmises that DNA evidence exists that would demonstrate his actual innocence. However, the petitioner has not offered any new evidence. The petitioner simply offers his belief that such evidence exists based on the forensics lab's refusal of his request for DNA evidence. The petitioner has not made a credible claim of actual innocence establishing that this case is the rare instance when the actual innocence exception should equitably toll the one-year period.

<div align="center">III.</div>

The petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The petitioner has not shown that he is entitled to statutory or equitable tolling of the one-year limitations period.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

<div style="margin-left:40%">s/David M. Lawson</div>
<div style="margin-left:40%">DAVID M. LAWSON<br>United States District Judge</div>

Dated:  March 10, 2017

<div align="center">-6-</div>

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 10, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI